COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


TARIQ KIRBY, SR.

MEMORANDUM OPINION*

v.   Record No. 1126-03-2                        PER CURIAM
                                            SEPTEMBER 30, 2003
RICHMOND DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
T. J. Markow, Judge

(Robin M. Morgan; Davis & Morgan, P.A., on
brief), for appellant.

(Sarah M. Denham, Assistant City Attorney;
Robert Shrader, Guardian ad litem for the
minor child, on brief), for appellee.


Tariq Kirby, Sr. appeals a decision terminating his parental rights to his son. Kirby contends the evidence was insufficient to support the termination. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

I.

The child was born on August 12, 1999. The child and his mother, a minor who was in the custody of the Richmond Department of Social Services, resided with a foster care family. On April 10, 2001, the child was removed from his mother's custody and was

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

placed in the custody of the Department.  Prior to taking custody of the child, the Department attempted to conduct a home study at Kirby's residence but was unable to complete the study because the apartment in which Kirby indicated he was living was unfurnished, contained trash throughout, and appeared to be vacant.  When the Department again attempted to conduct a home study in June 2001, the woman with whom Kirby lived "did not want to be involved with social services."  Therefore, the Department was unable to complete the home study.  Kirby has lived in four different locations since the child has been in foster care, but he has not been a party to a lease agreement or owned a residence.

In April 2001, Kirby filed a petition seeking custody of the child.  Although the Department referred Kirby to parenting classes, housing opportunities, and employment opportunities, Rachel Winston, a social worker employed by the Department, testified that Kirby said he did not need parenting classes.  On two other occasions, when the Department referred Kirby to Virginia Cooperative Extension for parenting classes, Kirby failed to follow through with the referrals.  Winston also referred Kirby to Goodwill Industries, the Virginia Employment Commission, Man Power, and Labor Pro for employment options.  He has worked numerous jobs since Winston became involved with the case, including jobs with three temporary agencies.

Kirby had scheduled visitation with the child.  The court suspended Kirby's visitation with the child, however, because he

took the child for an overnight visit contrary to the Department's directive.  Later, when the court ordered that the visitation be re-instated, but supervised, the Department offered Kirby weekly supervised visitation with the child.  From April 2001 until June 2001, Kirby did not visit the child and indicated he did not want to visit the child unless he could keep the child overnight.  From July 2001 until September 2001, Kirby visited the child four times.  From October 2001 to March 2002, he did not visit the child.  From April 2002 to September 2002, Kirby visited the child on three occasions.  He saw the child eight times from October 2002 until January 2003, and he missed the last four scheduled visits prior to the trial court hearing.

During the period the child has been in the Department's custody, Kirby has been incarcerated on three occasions.  He was convicted for heroin possession in 2002, was incarcerated for six months, and received a nine and one-half year suspended sentence.  While on supervised probation, Kirby has tested positive for cocaine use three times, including the day before the trial court hearing.  Kirby's probation officer testified that Kirby has missed three substance abuse treatment sessions and refuses to admit that he uses cocaine.  At the trial court hearing, Kirby denied that he uses cocaine and testified that he tested positive for cocaine because he touched or handled cocaine.  The probation officer testified that if Kirby fails to complete the substance abuse program, he will be in violation of his probation.  Winston

also referred Kirby to a substance abuse program; however, Kirby failed to qualify for the program.

Winston testified that Kirby has not bonded with the child, that the child moves toward the door during their visits, and that the child sometimes cries for the majority of the visit. Winston has not heard the child refer to Kirby by any name, and she has not seen him reach out for Kirby.

Winston also testified that the child is doing well with his foster care family and that the family has a loving, nurturing, and supportive relationship with the child. The child identifies his foster parents as his mother and father. At the time of the trial court hearing, the child was three and one-half years old and had been in foster care for over twenty-two months.

Kirby testified that he lives with a friend, that he has no formal lease agreement, and that he has been denied public housing because of a felony drug charge. He works two or three days per week for temporary agencies and another business. Kirby also testified that he began attending a parenting class just prior to the court hearing.

The guardian ad litem for the child indicated that Kirby has not responded positively to the Department's efforts. He also noted that Kirby attended only fifteen of eighty-eight scheduled visits with the child.

The trial judge found by clear and convincing evidence that it was in the child's best interests to terminate Kirby's parental

- 4 -

rights. The judge found that Kirby failed, without good cause, to maintain continuing contact with the child and to substantially remedy within a reasonable period of time the conditions that brought the child to foster care. The judge also found that the Department made appropriate efforts to assist Kirby. Thus, the trial judge terminated Kirby's parental rights pursuant to Code § 16.1-283(C)(1) and 16.1-283(C)(2).

## II.

Code § 16.1-283(C)(1) provides, in pertinent part, that the residual parental rights may be terminated if the judge finds by clear and convincing evidence that termination is in the child's best interests and further finds as follows:

> The parent . . . [has], without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, (1) that the termination is in the best interests of the child, (2) that "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) that, despite those services, the parent has failed, "without good cause," to remedy those conditions "within a

- 5 -

reasonable amount of time not to exceed twelve months from the date the child was placed in foster care."  Code § 16.1-283(C)(2).  Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.  It is intermediate, being more than a mere preponderance, but . . . [less than] a reasonable doubt . . . ."  Gifford v. Dennis, 230 Va. 193, 198 n. 1, 335 S.E.2d 371, 373 n. 1 (1985).

Viewed in the light most favorable to the party prevailing below, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), the evidence supports the trial judge's findings.  The evidence proved Kirby failed to demonstrate a willingness or ability to alter the circumstances that necessitated the child's continued foster care placement.  Although Kirby asserts otherwise, the record proved the Department offered him reasonable and appropriate services to assist him in remedying these circumstances.  Kirby failed to maintain continuing contact with the child, failed to obtain adequate housing, and only maintained irregular employment.  The evidence proved Kirby has failed to provide or substantially plan for the future of the child without good cause.  See Code § 16.1-283(C)(1).  The Department was not required "to force its services upon an unwilling or uninterested parent."  Harris v. Lynchburg Div. of Soc. Servs., 223 Va. 235, 243, 288 S.E.2d 410, 415 (1982).  Without good cause, Kirby has been unwilling or

- 6 -

unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of the Department. See Code § 16.1-283(C)(2).

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial judge's finding that the Department presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283(C)(1) and 16.1-283(C)(2) and establishing that termination of Kirby's residual parental rights is in the child's best interests. Accordingly, we affirm the decision.

Affirmed.